UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN WISHUM, et al.,

    Plaintiffs,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No.  14-cv-01491-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 13.

## I. INTRODUCTION

Plaintiffs Melvin Wishum and Chrystal Tyler ("Plaintiffs"), parents of deceased former California state prisoner Markise Wishum ("Decedent"), has filed this civil rights action pursuant to 42 U.S.C. § 1983.  Now before the Court is a motion by Defendants State of California, acting by and through the California Department of Corrections & Rehabilitation and California Correctional Health Care Services, Governor Edmund G. Brown, P.D. Brazelton and James Hartley (collectively, "Defendants") to dismiss the complaint under Rule 12(b)(1 & 6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiffs allege in their complaint that the Decedent died as a result of Metastic Squamous Cell Carcinoma.  Complaint for Damages ("Complaint"), ¶ 3, ECF No. 1.[1]  They allege this cancer was at some point in remission and that Decedent's condition deteriorated due to a lack of adequate medical care and monitoring.  ¶ 4.

Plaintiffs allege each defendant "[k]new of the substantial risk of serious harm, [sic] to the

---

[1] All ¶ citations in this order refer to the Complaint.

deceased Markise Wishum" (¶¶ 7-12) and that each "knowingly and unreasonably disregarded that objectively intolerable risk of harm by failing to take reasonable and recommended measures to properly administer cancer treatment . . . while he was in their custody." ¶ 18. Plaintiffs allege this disregard allowed decedent's cancer to worsen and resulted in his death. ¶ 20. They allege this result runs contrary to decedent's medical prognosis. *Id.* The complaint further alleges that Defendants failed to adequately train prison medical staff and that prison staff ignored decedent's need for medical treatment. ¶ 28. The complaint alleges no additional factual details.

### B.    Jurisdiction

Pursuant to 42 U.S.C. § 1331, this Court has jurisdiction over the claims in this § 1983 action, except those that are barred by the Eleventh Amendment or which Plaintiffs lack Article III standing to assert. See Part III, *infra*.

## III.    MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Defendants argue that under the Eleventh Amendment, the Court lacks subject-matter jurisdiction to over all claims against the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), and California Correctional Health Care Services ("CCHCS"). Defendants further move to dismiss all claims Plaintiffs bring in "their capacities as successors in interest" to Decedent, since Plaintiffs lack standing to bring such a claim until they comply with the applicable California procedural requirements.

### A.    Eleventh Amendment

The Eleventh Amendment generally bars suits against states or their agencies. See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). The Eleventh Amendment serves as a specific constitutional bar against hearing even federal claims which would otherwise be within the jurisdiction of a federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984). Congress did not abrogate the states' Eleventh Amendment immunity through section 1983 because a state or state agency is not a "person" for purposes of the statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989). Actions against state officials acting in their official capacity are treated as suits against the state itself. Hafer v. Melo, 502 U.S. 21, 25

(1991). However, the Eleventh Amendment does not bar damage actions against state officials acting in their individual capacity. Id. at 31.

The Complaint lists California, the CDCD and CCHCS as defendants, but only lists the "individual defendants" on the four causes of action stated in the complaint. ECF No. 13 at 5. To the extent the complaint seeks to bring any cause of action against Defendants State of California, the CDCD and the CCHCS, those claims are DISMISSED WITH PREJUDICE, and Plaintiffs may not list those entities as defendants in any amended complaint.

Plaintiffs state in their opposition to Defendants' motion that they seek to sue the "individual defendants" in their personal capacities. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), at 9, ECF No. 14. Plaintiffs should clarify that in any amended complaint.

### B. Plaintiffs' Standing as Successors in Interest

A section 1983 claim survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action. Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006). Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. See Cal. Civ. Proc. Code § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the party purporting to act as successor in interest satisfies the requirements of California law. See Cal. Civ. Proc. Code §§ 377.30, 377.32. Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation.

Defendants argue that Plaintiffs have not filed declarations in compliance with section 377.32. Plaintiffs do not rebut Defendants' assertion and offer no evidence they have complied with the requirements of California law.

While the Complaint's first cause of action clearly rests at least in part on Plaintiffs' alleged status as decedent's successors in interest, the extent to which the remaining causes of action depend on this designation is unclear. See ¶ 5, see also subtitle on each of the Complaint's causes of action. Any claims Plaintiffs bring in their capacity as Decedent's successors in interest are DISMISSED WITHOUT PREJUDICE.

3

### IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants also move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

#### A.     Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In considering a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

#### B.     Analysis

A complaint under 42 U.S.C. § 1983 must set forth specific facts showing how each defendant proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The gravamen of Plaintiffs' claims is that Defendants acted with deliberate indifference to Decedent's medical needs.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v.

1   Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from
2   which the inference could be drawn that a substantial risk of serious harm exists," but "must also
3   draw the inference." Id.  Consequently, in order for deliberate indifference to be established, there
4   must exist both a purposeful act or failure to act on the part of the defendant and harm resulting
5   therefrom. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

6   "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his
7   or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
8   between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652
9   F.3d 1202, 1207 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (U.S. 2012) (quoting Hansen v.
10  Black, 885 F.2d 642, 645-46 (9th Cir. 1989)).  "The requisite causal connection can be
11  established" by a supervisor's "own culpable action or inaction in the training, supervision, or
12  control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct
13  that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208
14  (internal citations omitted).

15  Plaintiffs broadly allege Defendants knowingly and unreasonably disregarded the risk that
16  Decedent faced from his cancer and failed to provide "reasonable and recommended" measures to
17  control it.  ¶ 18.  They further allege only that unidentified prison medical staff ignored
18  Decedent's need for medical treatment (¶ 28) and that the Defendants "knew the seriousness of
19  Markise Wishum's condition and were aware of his medical needs."  ¶¶ 21, 26.

20  Plaintiffs' complaint does not contain enough well-pleaded facts to state a claim for relief
21  that is plausible on its face, for two reasons.  First, the conclusion fails to provide "sufficiently
22  detailed" factual allegations "to give notice to . . . [Defendants] . . . of the nature of . . . [Plaintiffs']
23  claims and to give . . . [Defendants] . . . a fair opportunity to defend against" them.  Starr, 652 F.3d
24  at 1216.  The complaint provides no actual factual allegations of any specific instance in which
25  Defendants, or even Defendants' subordinates, denied Decedent necessary medical care or
26  mistreated him.  Cf. id. at 1209-12, 1216-17 (finding sufficient notice to satisfy Rule 8 when
27  plaintiff alleged specific incidents of injuries and deaths that formed the basis of prisoner's
28  claims).  The court cannot infer from the fact that Decedent died of cancer that he was

unconstitutionally denied medical care while incarcerated. The Complaint does not even allege the specific dates of Decedents' diagnosis, initial prognosis, incarceration, or death.

Second, Plaintiffs do not allege sufficient facts in support of their conclusion that each individual Defendant knew or should have known Decedent's mistreatment, or that the Defendants knowingly created a policy that was itself a constitutional violation that harmed Decedent. The only factual material alleged in support of the conclusion that each Defendant was aware of the risk to Decedent was that "Defendants had been given notice of a pattern of ongoing unconstitutional violations by numerous studies," none of which are named. ¶ 30. Further, Plaintiffs allege no facts in support of their conclusion that Defendants failed to take the "reasonable and recommended measures" alluded to, nor do they mention what those measures may have been. Thus, the complaint fails to establish either that the various individual defendants knew of the risk decedent faced, or that they disregarded those risks by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. In sum, Plaintiffs' complaint consists of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

While the Court notes the potential difficulty Plaintiffs may face in uncovering the details surrounding their son's death, Plaintiffs fail to cite any authority explaining why this should excuse their failure to meet the pleading requirements. The complaint fails to state a claim.

## V. CONCLUSION

All claims against the State of California, the CDCD and the CCHCS are barred by the Eleventh Amendment and are therefore DISMISSED WITH PREJUDICE. To the extent Plaintiffs bring claims as Decedent's successors in interest, those claims are DISMISSED WITHOUT PREJUDICE for lack of standing. All remaining claims are also DISMISSED WITHOUT PREJUDICE for failure to state a claim.

The Court GRANTS Plaintiffs leave to amend their complaint to re-assert the dismissed claims against Defendants Brown, Brazelton and Hartley, if Plaintiffs can demonstrate they have satisfied California law concerning their designation as successors in interest and if Plaintiffs can allege sufficient facts to render plausible their other claims. In any amended complaint, Plaintiffs

must:

1. Specify, for each cause of action, whether Plaintiffs assert the claim against Defendants in their official capacity, in their individual capacity, or both, and specify which specific forms of relief Plaintiffs seek against each Defendant in each capacity.

2. Specify, for each cause of action, whether Plaintiffs bring the claim as successors in interest to Decedent, or in Plaintiffs' own capacity, or both. For any causes of action brought as successors in interest to Decedent, Plaintiffs must demonstrate compliance with Cal. Civ. Proc. Code § 377.32.

3. Allege which specific instances of denial of care or mistreatment form the basis of Plaintiffs' claims.

4. Allege sufficient facts from which it is plausible to infer that Defendants either personally participated in the denial of care to or mistreatment of Decedent, or otherwise had a sufficient causal connection to the alleged constitutional violation.

Plaintiffs are ORDERED to file any amended complaint not later than twenty-one days from the date of this order. Failure to comply with this order is likely to result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 27, 2014

_____
JON S. TIGAR
United States District Judge