UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WISHUM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No. 14-cv-01491-WHO <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 59 |

Markise Wishum died of cancer. His parents, plaintiffs Melvin Wishum and Chrystal Tyler, assert that defendant Matthew Cate, the former Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), was deliberately indifferent to their son's serious medical needs while he was incarcerated. Their complaint has been dismissed three times. *See* Dkt. Nos. 23, 37, 54. For reasons unexplained, Cate is the only defendant plaintiffs served with the Second Amended Complaint ("SAC"). Despite the directions in my earlier Order that dismissed the First Amended Complaint ("FAC") against Cate and detailed the information needed to state a plausible claim, the SAC once again fails to adequately plead a causal connection between Cate's actions and a violation of 42 U.S.C. § 1983. Because plaintiffs' counsel admitted at oral argument that he had no other allegations to add to the claim against Cate, I GRANT the motion to dismiss with prejudice.

**BACKGROUND**

I accept all statements of material fact presented in the SAC as true. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F. 3d 1152, 1159 (9th Cir. 2012). In my most recent Order, I discussed the factual background of this case, which is substantially the same as in the FAC. *See* Order at 1-2 (Dkt. No. 54). The decedent was diagnosed with Metastatic Squamous Cell Carcinoma while he was incarcerated. SAC ¶ 3. He was treated for the cancer at the Natividad Medical Center and

1  went into remission between September 2009 and May 2010, at which point he was released into
2  the Salinas Valley State Prison. *Id.* ¶¶ 3, 13.

3  The hospital administered a CT scan in May of 2010, which did not detect a new tumor
4  that the decedent had developed near his eye. *Id.* ¶ 13. In the months following the CT scan, the
5  decedent noticed swelling over his left eye, began complaining of headaches, and requested a
6  change in medication. *Id.* He had been instructed to have another CT scan two to three months
7  after the first CT scan, but did not see a physician until February 2, 2011, nearly eight months
8  later. *Id.* Plaintiffs allege that defendants denied the decedent medical care during this eight-
9  month period, directly resulting in his death in August 2011. *Id.* ¶ 14.

10  Plaintiffs filed the SAC after I dismissed the FAC against defendant Cate for failure to
11  state a claim against him with leave to amend. Order at 5-6. I heard oral argument on June 17,
12  2015.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008) (internal quotations omitted).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

A prisoner alleging Eighth Amendment violations under section 1983 must show that (i) the alleged constitutional deprivation was sufficiently serious, such that it resulted in the denial of "the minimal civilized measure of life's necessities," and that (ii) the prison official acted with "deliberate indifference" to the inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotations omitted). Deliberate indifference may be shown where "prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal citations and quotations omitted).

A supervisor may be found liable if the supervisor "acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). This requires that either (i) the supervisor was personally involved in the deprivation of rights, or (ii) there is a sufficient causal connection between the constitutional violation and the supervisor's wrongful conduct. *Id.* at 1207. A causal connection may be established if the supervisor "set[] in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal citations and quotations omitted).

As in the prior versions of the complaint, plaintiffs have not adequately pleaded specific facts establishing defendant Cate's liability. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir.

1    2012) (holding that complaint alleging violation of section 1983 did not include sufficient facts to
2    establish defendant's liability because it was "based on conclusory allegations and generalities,
3    without any allegation of the specific wrong-doing by each Defendant"). Although I described the
4    type of allegations needed to support a plausible claim, plaintiffs did not allege them. *See* Order at
5    4.

6    The only updated allegations involving defendant Cate in the SAC state that (i) the
7    decedent told Cate of the risk of serious harm to him, thus giving Cate "actual knowledge"; (ii)
8    "CATE and/or his office was contacted repeatedly by Plaintiffs having been advised by various
9    prison staff that CATE had the authority and power to intervene and order to [sic] immediate
10   health care for [decedent];" and (iii) "Plaintiffs' [sic] were so desperate to obtain medical care that
11   their persistence resulted in the actual contact and communication with [the current secretary of
12   the CDCR] Beard at a time prior to the critical time of medical care." *See* SAC ¶ 6. In addition,
13   the SAC states that Markise Wishum spoke to the prison warden about his health issues and was
14   "assured Defendant would look into the matter." *Id.* ¶ 7.

15   When I assume the truth of these allegations, I understand that Cate knew that Markise
16   Wishum was ill. (It is worth noting that plaintiff's counsel undercut those allegations at oral
17   argument by admitting that plaintiffs did not know whether or not they actually spoke to Cate. *See*
18   Oral Argument at 2:03:44-2:03:52 (June 17, 2015)). Even so, plaintiffs do not identify a specific
19   wrongful act by Cate. An allegation that Cate knew of the decedent's condition is not the same as
20   an allegation that Cate set in motion a series of acts by others or refused to terminate the actions of
21   others. *See* Order at 4-5. No new facts have been added regarding Cate's alleged involvement in
22   the alleged denial of medical care to the decedent or the specific denial of medical care that
23   occurred. The SAC fails for the same reasons as the FAC, as set forth in my prior order.

24   I inquired at the hearing if plaintiffs could allege any additional facts regarding Cate. Their
25   counsel said that they could not. He argued that the defendants possessed all of the pertinent
26   information about plaintiffs' claims, *see* Oral Argument at 2:02:43-2:03:00 (June 17, 2015), but
27   that is not true. The plaintiffs, and not defendant Cate, are in the best position to know whether
28   they contacted Cate and what actions the plaintiffs and the decedent took in attempting to obtain

4

medical care.  In addition, plaintiffs have their son's medical records.  Counsel added that he did not have the needed information because his clients are "unsophisticated."  That is no excuse – obtaining the necessary information to assert a plausible claim is the prosecuting attorney's responsibility in drafting a complaint.  Without it, the complaint cannot survive a motion to dismiss.

Cate was the Secretary of CDCR, charged with overseeing more than 100,000 inmates in more than thirty adult facilities.  *See California Prisoners and Parolees, 2010*, California Department of Corrections and Rehabilitation (2011) http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Annual/CalPris/CALPRISd2010.pdf.  It is baffling to me why plaintiffs pursued him as a defendant rather than others more directly involved in Markise Wishum's care.  But that was the choice they made.  Because plaintiffs are unable to allege particularized facts to establish that Cate was personally involved in the alleged Eighth Amendment violations, or that there was a causal connection between Cate's conduct and the constitutional violation to support their claims, dismissing the complaint with leave to amend yet another time would be futile.  *See Lopez*, 203 F.3d at 1129 ("district courts are only required to grant leave to amend if a complaint can possibly be saved").  Accordingly, the SAC fails to state a claim upon which relief can be granted, cannot be saved, and must be DISMISSED.

## CONCLUSION

For the foregoing reasons, defendant Cate's motion to dismiss is GRANTED.  Plaintiffs previously abandoned their claims against Governor Brown and never served Warden Hedgepath.  *See* Dkt. No. 37.  This action is DISMISSED with prejudice, and judgment shall be entered accordingly.

**IT IS SO ORDERED**.

Dated: June 25, 2015

_____
WILLIAM H. ORRICK
United States District Judge

5